IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE BROWN, :
:
    Plaintiff :
:
v. : CIVIL NO. 4:CV-08-1597
:
: (Judge Jones)
UNITED STATES OF AMERICA, :
*et al.*, :
:
    Defendants :

## MEMORANDUM

### November 5, 2008

**Background**

This *pro se* action which asserts *Bivens*-type civil rights claims and also seeks relief under the Federal Tort Claims Act ("FTCA") was filed by Theodore Brown ("Plaintiff" or "Brown"), an inmate presently confined at the Federal Correctional Institution, Fort Dix, New Jersey.

Named as Defendants are the United States of America as well as officials employed at Plaintiff's prior place of confinement, Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"). Service of the Complaint was recently ordered on October 15, 2008.

Presently pending is Plaintiff's motion "to Withdraw the Instant Action that

was filed in Error And Premature Before the Six (6) Month Exhaustion under the Federal Tort Claims Act." (Doc. 9, p. 1). Brown states that he wishes to withdraw his action without prejudice on the basis that it was prematurely filed.

**Discussion**

Rule 41(a) states in relevant part:

(a) **Voluntary Dismissal**.

(1) *By the Plaintiff.*

> (A) *Without a Court Order.* Subject to the provisions of Rules 23(e), 23.1(c), 23.2,and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B)   *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal or state court action based on or including the same claim, a notice of dismissal operates as an adjudication upon the merits.

Defendants have neither filed an answer to the Complaint nor a summary judgment motion. Accordingly, Brown's motion will be construed as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).

Based upon Brown's submission of a notice of dismissal under Rule

2

41(a)(1)(A)(i), his case will be dismissed without prejudice. However, Plaintiff is notified that renewal of his civil rights claims is subject to Pennsylvania's statute of limitations for a personal injury action.[1] *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Furthermore, if Brown wishes to seek judicial review of an FTCA claim he must file a complaint within six (6) months after the date of mailing of notice of the agency's final denial of the administrative tort claim. *See* 28 U.S.C. § 2401(b); *Pascale v. United States*, 998 F. 2d 186, 188 (3d Cir. 1993). An appropriate Order will enter.

---

[1] Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).